UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAEL FRANCOEUR, : | |
| JOSEPH FRANCOEUR, AND : | |
| SHAYNE GUILLEMETTE on behalf of : | |
| themselves and all other employees : | |
| similarly situated, : | |
|     Plaintiffs : | |
| : | |
| v. : | C.A. No.: 17- |
| HIGG'S PAINTING, INC. and : | |
| JEFFREY S. HIGGINBOTTOM, : | |
|     Defendants : | |

## COMPLAINT

### I. Introduction

1. This is an action brought by the Plaintiffs, on behalf of herself and other similarly situated employees, against Defendants, seeking compensatory, punitive, and liquidated damages, as well as attorneys' fees, litigation expenses and other equitable relief, arising out of the unlawful failure to pay overtime compensation, prevailing wages, and prevailing wage overtime compensation owed to the Plaintiffs in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Rhode Island Minimum Wage Act ("RIMWA"), R.I.G.L. §28-12-1, *et seq.* and §28-14-1, *et seq.*, and Labor and Payment of Debts by Contractors chapter of the Rhode Island General Laws under § 37-13-1 *et seq.*, and Commonwealth of Massachusetts General Laws c. 151, § 1A, and c. 149, § 27.

### II. Parties

2. Plaintiff Michael Francoeur, at all times relevant to this action, was a resident of the City of Fall River, Commonwealth of, and was an employee of Defendants, within the meaning of 29 U.S.C. §203(e)(1) of the FLSA.

3. Plaintiff Joseph Francoeur, at all times relevant to this action, was a resident of the City of Fall River, Commonwealth of, and was an employee of Defendants, within the meaning of 29 U.S.C. §203(e)(1) of the FLSA.

4. Plaintiff Shayne Guillemette, at all times relevant to this action, was a resident of the City of Fall River, Commonwealth of, and was an employee of Defendants, within the meaning of 29 U.S.C. §203(e)(1) of the FLSA.

5. Defendant Higg's Painting, Inc. is a corporation duly organized and incorporated pursuant to the laws of the Commonwealth of Massachusetts. At all relevant times, this defendant hired Plaintiffs to work at numerous construction painting projects in Rhode Island and Massachusetts and was the Plaintiffs, as well as all other similarly situated employees, employer within the meaning of 29 U.S.C. §203(d).

6. Defendant Jeffrey S. Higginbottom, at all times relevant to this action, was the President, Treasurer, and Secretary of, and had operational control over Defendant Higgs Painting, Inc., and was therefore also the Plaintiffs; as well as all other similarly situated employees, employer within the meaning of 29 U.S.C. §203(d). *See Donovan v. Agnew*, 712 F.2d 1509 (1st. Cir. 1983) ("The overwhelming weight of authority is that a corporate officer with operational control … is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages."); s*ee also Dole v. Elliott Travel & Tours, Inc*., 942 F.2d 962, 965 (6th Cir. 1991), *and cases cited therein*.

### III.   Jurisdiction

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1332, 1367, 2201, and 2202 and 29 U.S.C. §216(b) ,29 U.S.C. § 1132(a), and R.I.G.L. § 9-5-33.

### IV.   Venue

8. Venue is proper in this Court insofar as the parties are doing business in the State of Rhode Island and therefore are within the requirements set forth in 28 U.S.C. §1391.

### V.     Material Facts

9. Plaintiff Michael Francoeur, worked for Defendants from 2011 to September of 2017.

10. Plaintiff Joseph Francoeur worked for Defendants from 2011 to November of 2015.

11. Plaintiff Shayne Guillemette worked for Defendants from 2013 to May of 2017.

12. In the performing their functions as employees of the Defendants, Plaintiffs, and other similarly situated employees, were engaged in commerce within the meaning of Sections 3(b), 3(i), 3(j), and 6(a) and 7(a) of the FLSA.

13. Both the FLSA and the RIMWA require an employer to pay its employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in any one workweek.  29 U.S.C. § 207(a)(1); R.I.G.L. §28-12-4.1.

14. Throughout the course of their employment by the Defendants, the Plaintiffs and other similarly situated employees worked on numerous construction projects as painters in Rhode Island and Massachusetts and were paid between $18-$20 per hour for all hours worked, including all hours worked in excess of forty (40) in any given week.

15. Throughout the course of their employment by the Defendants, the Plaintiffs worked on numerous construction public works projects in Rhode Island and Massachusetts as painters and were still only paid between $18-$20 per hour for all hours worked, including all hours worked in excess of forty (40) in any given week thereby not paying Plaintiffs the hourly and overtime rates required by R.I.G.L. § 37-13-1 *et seq.* and Ma. G.L. c. 149, § 27.

16. During the duration of their employment with the Defendants, Defendants required Plaintiffs, and other similarly situated employees, to work in excess of forty (40) hours but failed

to pay them at rates not less than one and one-half (1 ½) times the regular rates at which they were employed, contrary to 29 U.S.C. § 207(a)(1), R.I.G.L. §28-12-4.1, § 37-13-1, Ma. G.L. c. 151, § 1A, and Ma. G.L. c. 149, § 27.

17. Defendants paid Plaintiffs the same regular hourly rate for all hours worked over forty (40) in any given work week in a separate line item in the same paycheck.

18. Utilizing a separate line item for all hours worked over forty (40) demonstrates Defendant's willful failure to pay overtime compensation.

19. Despite Defendants' knowledge of its obligation to pay the Plaintiffs and other similarly situated employees their base hourly wage and overtime premiums as required by the FLSA, RIMWA, § 37-13-1 *et seq.*, Ma. G.L. c. 151, § 1A, and Ma. G.L. c. 149, § 27.

20. Defendants knowingly and willfully refused to comply with their obligation to pay Plaintiffs, and other similarly situated employees, certain prevailing wage rates or any overtime premiums for hours worked over forty (40) in any one workweek.

21. As a proximate result of Defendants' unlawful acts and/or omissions, including, but not limited to, those described herein, Plaintiffs and other similarly situated employees have suffered loss of wages and benefits due, expenses for legal services, and other great harm.

22. As a proximate result of Defendants' discriminatory acts and/or omissions, including but not limited to those described herein, Plaintiffs, and other similarly situated employees, have suffered and will continue to suffer loss of income.

### VI.   Claims for Relief

23. The Plaintiff incorporates the allegations contained in ¶¶1 through 22 above in the counts set forth below.

### Count One
### Violation of FLSA, 29 U.S.C. §207

24. Defendants, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, violated the FLSA by failing or refusing to pay Plaintiffs, and other similarly situated employees, overtime compensation for all work in excess of forty (40) hours performed in any one workweek, thereby causing Plaintiffs, and other similarly situated employees, to suffer damages as aforesaid, for which they are entitled to relief pursuant to 29 U.S.C. §216(b).

### Count Two
### Violation of RIMWA, R.I.G.L. §28-12-1 and § 28-14-1, *et seq*.

25. Defendants, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, violated the RIMWA by failing or refusing to pay Plaintiffs, and other similarly situated employees, overtime compensation for all work in excess of forty (40) hours performed in any one workweek, thereby causing Plaintiffs, and other similarly situated employees, to suffer damages as aforesaid, for which they are entitled to relief pursuant to R.I.G.L. §28-12-19 and § 28-14-19.2.

### Count Three
### Violation of 37-13-1, *et seq*.

26. Defendants, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, violated R.I.G.L. § 37-13-1 e*t seq*. by failing or refusing to pay Plaintiffs, and other similarly situated employees, the hourly prevailing wage and benefit amount on public works projects thereby causing Plaintiffs, and other similarly situated employees, to suffer damages as aforesaid, for which they are entitled to relief pursuant to R.I.G.L. §37-13-17.

### Count Four
### Violation of 37-13-1, *et seq*.

27. Defendants, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, violated R.I.G.L. § 37-13-1 e*t seq*. by failing or refusing to pay Plaintiffs, and other similarly situated employees, overtime compensation for all work in excess of forty (40) hours performed in any one workweek, thereby causing Plaintiffs, and other similarly situated employees, to suffer damages as aforesaid, for which they are entitled to relief pursuant to R.I.G.L. §37-13-17.

## Count Five
## Violation of Ma. G.L. c. 151, § 1A

28. Defendants, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, violated the Commonwealth of Massachusetts general laws by failing or refusing to pay Plaintiffs, and other similarly situated employees, overtime compensation for all work in excess of forty (40) hours performed in any one workweek, thereby causing Plaintiffs, and other similarly situated employees, to suffer damages as aforesaid, for which they are entitled to relief pursuant to Ma. G.L. c. 151, § 1A.

## Count Six
## Violation of Ma. G.L. c. 149, § 27

29. Defendants, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, violated the Commonwealth of Massachusetts general laws by failing or refusing to pay Plaintiffs, and other similarly situated employees, the hourly prevailing wage and benefit amount on public works projects thereby causing Plaintiffs, and other similarly situated employees, to suffer damages as aforesaid, for which they are entitled to relief pursuant to Ma. G.L. c. 149, § 27.

## Count Seven
## Violation of Ma. G.L. c. 149, § 27

30. Defendants, by their individual and concerted acts and/or omissions, including, but not limited to, those described herein, violated the Commonwealth of Massachusetts general laws by failing or refusing to pay Plaintiffs, and other similarly situated employees, overtime compensation for all work in excess of forty (40) hours performed in any one workweek, thereby causing Plaintiffs, and other similarly situated employees, to suffer damages as aforesaid, for which they are entitled to relief pursuant to Ma. G.L. c. 149, § 27.

## VII.     Prayers for Relief

**WHEREFORE**, the Plaintiff prays that this Honorable Court grant the following relief:

1. A declaratory judgment declaring that the Defendants willfully violated the wage and overtime payment requirements under the FLSA, the RIMWA, R.I.G.L. § 37-13-1 *et seq.,* Ma. G.L. c. 151, § 1A, and Ma. G.L. c. 149, § 27 in the manner complained of herein.

2. In the alternative, a declaratory judgment declaring that the Defendants violated the wage and overtime payment requirements under the FLSA, the RIMWA, R.I.G.L. § 37-13-1 *et seq.,* Ma. G.L. c. 151, § 1A, and Ma. G.L. c. 149, § 27 in the manner complained of herein.

3. An award of back pay for violating the FLSA, the RIMWA, R.I.G.L. § 37-13-1 *et seq.,* Ma. G.L. c. 151, § 1A, and Ma. G.L. c. 149, § 27.

4. An award of liquidated damages pursuant to 29 U.S.C. §216(b), the RIMWA, R.I.G.L. § 37-13-1 *et seq.,* Ma. G.L. c. 151, § 1A, and Ma. G.L. c. 149, § 27

5. An award of reasonable attorneys' fees and costs of litigation pursuant to 29 U.S.C. §216(b) and R.I.G.L. §28-14-19.2, § 37-13-17, Ma. G.L. c. 151, § 1A, and Ma. G.L. c. 149, § 27.

6. An award of other appropriate equitable relief pursuant to 29 U.S.C. §216(b) and R.I.G.L. §28-14-19.2, § 37-13-17, Ma. G.L. c. 151, § 1A, and Ma. G.L. c. 149, § 27.

7.     An award of such other and further relief as this Honorable Court deems just and proper.

## VIII.   Demand for Jury Trial

The Plaintiff and other similarly situated employees hereby demand a trial by jury on all counts so triable.

## IX.   Designation of Trial Counsel

The Plaintiff and other similarly situated employees hereby designate Gregory A. Mancini Esquire as trial counsel.

                                    **PLAINTIFFS,**
                                    **MICHAEL FRANCOEUR**
                                    **JOSEPH FRANCOEUR, and**
                                    **SHAYNE GUILLEMETTE**
                                    By their attorneys,
                                    **SINAPI LAW ASSOCIATES, LTD.**

**Date:  October 27M 2017**        /s/Gregory A. Mancini
                                    **Gregory A. Mancini (RI BAR 5740)**
                                    2374 Post Road, Suite 201
                                    Warwick, RI 02886
                                    Phone:  (401) 739-9692; FAX:  (401) 739-9040
                                    Email: gmancinilaw@gmail.com